NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALICIA BIEDENKAPP,<br><br>Plaintiff,<br><br>v.<br><br>JANET CRAPARA and CHRISTOS J. DIKTAS,<br><br>Defendants. | No. 25cv2856 (EP) (SDA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

On April 17, 2025, Alicia Biedenkapp, "appearing as Agent under Power of Attorney" *pro se* for her son, Paul Biedenkapp,[1] filed a notice of removal seeking to remove the Superior Court of New Jersey, Bergen County, Chancery Division, Probate Part (the "Superior Court") action *In re Estate of Richard P. Biedenkapp, Sr.*, BER-P-600-24 (the "Action") to this Court. D.E. 1 ("Notice of Removal").[2] On April 28, 2025, this Court remanded the Action to the state court. D.E. 4 ("Remand Order"). Ms. Biedenkapp subsequently filed a motion to vacate the Remand Order under Federal Rule of Procedure 60(b). D.E. 5 ("Motion" or "Mot."). Janet Crapara and

---

[1] Given the procedural morass complicating the identification of particular individuals as the defendants and plaintiffs, the Court refers to the involved parties (and non-parties) simply by their names. The Court will nevertheless maintain the caption previously used in this case for simplicity's sake. Continued use of this caption should not, however, be construed as a determination that a particular individual is properly named as a defendant or plaintiff in this matter.

[2] The Notice of Removal incorrectly identified the Bergen County Surrogate Court as the state court from which the Action was removed. *See* Notice of Removal at 1.

Christos J. Ditkas oppose the Motion. D.E. 7-9 ("Opposition" or "Opp."). Ms. Biedenkapp replies. D.E. 9, Ex. AA ("Reply").[3]

The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). Having considered the Motion, the accompanying submissions, and all relevant items on the docket, the Court **DENIES** Alicia Biedenkapp's Motion to vacate this Court's Remand Order.

I. PROCEDURAL HISTORY[4]

This Action arises from the administration of the estate of Richard Biedenkapp, who passed away on January 26, 2011. Opp. at 1. Richard Biedenkapp's will designated his daughter, Ms. Crapara, as Executrix of his estate, and the will was admitted to probate by the Bergen County Surrogate Court on March 3, 2011. *Id.* at 1–2.

On November 7, 2024, Mr. Ditkas, an attorney, filed this Action in the Superior Court on behalf of Ms. Crapara against Paul Biedenkapp, one of Richard Biedenkapp's sons. *Id.* at 2. The Action was commenced via filing of a verified complaint, Ex. 1 ("Crapara Complaint") to D.E. 7 ("Gillen Decl."), which sought to adjudicate a dispute between Ms. Crapara and Paul Biedenkapp regarding the administration of their father's estate. *Id.*

Paul Biedenkapp responded to the Crapara Complaint by filing his own verified complaint, on December 24, 2024. Ex. 2 to Gillen Decl. ("P. Biedenkapp Complaint").

On February 18, 2025, Mr. Ditkas then filed, on Ms. Crapara's behalf, a motion to dismiss the P. Biedenkapp Complaint and in further support of the Crapara Complaint. Ex. 3 to Gillen

---

[3] Ms. Biedenkapp filed dozens of exhibits in support of her Motion. *See* D.Es. 8–11. Because one of those numerous exhibits, D.E. 9, Ex. AA, is styled as "Formal Rebuttal to Defendants' Brief in Opposition (Doc. 7-9)," the Court construes it as a reply to the Opposition.

[4] Because the history of the dispute giving rise to this Action is long, the Court sets forth only the events relevant to the disposition of this Motion.

2

Decl. ("Crapara Motion to Dismiss the P. Biedenkapp Complaint and In Further Support of her Complaint").

After a hearing on the Action had been adjourned several times in the Superior Court, *see* Opp. at 3, on April 17, 2025, Ms. Biedenkapp, "appearing as Agent under Power of Attorney" *pro se* for her son, Paul Biedenkapp, filed a Notice of Removal to this Court.

On April 22, 2025, the Clerk of Court of the District of New Jersey entered a letter on the docket informing Ms. Biedenkapp that, within 21 days, she would need to either pay the applicable filing fees or submit an application to proceed *in forma pauperis*, or the case would be closed. D.E. 2.

This Court then entered the Remand Order on April 28, 2025, remanding the Action to state court because the removal was procedurally defective. While Ms. Biedenkapp "did not include the complaint" in her Notice of Removal, the Court "construed Ms. Biedenkapp as the Plaintiff in the removed action" because "she style[d] herself as 'Plaintiff' throughout her Notice of Removal." Remand Order at 1 n.1. The Court therefore found that Ms. Biedenkapp had not met her burden of showing that removal was proper. *Id.* at 1.

On May 5, 2025, Ms. Biedenkapp filed the instant Motion to vacate the Remand Order under Federal Rule of Procedure 60(b). Ms. Crapara and Mr. Ditkas filed their Opposition on May 15, 2025. Buried inside one of her sets of exhibits to the Motion filed *ad seriatim* after the Opposition was filed, *see* D.Es. 8–11, Ms. Biedenkapp filed her Reply on May 23, 2025.

## II.      LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b):

On motion and just terms, the court may relieve a party or its legal representative from final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable negligence;

3

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justified relief.

Federal Rule of Civil Procedure 60(b) does not, however, "confer upon the district courts a standardless residual of discretionary power to set aside judgments." *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (quoting *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977) (citation modified)). As the Third Circuit has made clear, "[t]he exercise of a district court's discretionary power [under Federal Rule of Civil Procedure 60(b)] requires an extraordinary circumstance." *Id.* at 1347. "[A] showing of extraordinary circumstances," in turn, "involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)). It is the movant under Federal Rule of Civil Procedure 60(b) who bears this "heavy burden." *Plisco v. Union R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967).

### III. ANALYSIS

Because the Court concludes that Ms. Biedenkapp has not met her heavy burden of demonstrating that extraordinary circumstances exist to vacate the Remand Order, the Court will therefore **DENY** her Motion.

4

A.   **The Court Has Jurisdiction to Consider the Motion**

While not raised by the Opposition, the Court first considers whether it has jurisdiction to consider the Motion and finds that it does have jurisdiction to do so.

Pursuant to 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to [§] 1442 or [§] 1443 of this title shall be reviewable by appeal or otherwise." Because neither § 1442 nor § 1443 apply here,[5] the general rule that an order remanding a case to state court is not reviewable governs.

In applying this rule, the Third Circuit has held that a district court loses jurisdiction to review its remand order when the Clerk of Court of the district court "mails a copy of the certified remand order to state court." *Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 356 (3d Cir. 2013); *see also Bissel v. Saga Glob. Cap. Mgmt.*, No. 19-18255, 2021 WL 7450168, at *1 (D.N.J. July 14, 2021).

Here, however, there is no evidence in the record that a certified copy of the Remand Order was mailed to the Superior Court. *See* Dkt.; *see also* Gillen Decl. ¶¶ 9–12 & Exs. 5–7 thereto (establishing that the Superior Court was aware of the Remand Order but not that it had received a certified copy thereof via mail). The Court therefore retains jurisdiction to consider Ms. Biedenkapp's Motion. *See Agostini*, 729 F.3d at 356.

---

[5] Ms. Biedenkapp asserts that the Action was removed under § 1443, which provides for removal of civil rights cases. Mot. at 2. She is incorrect. Neither the Crapara Complaint nor the P. Biedenkapp Complaint allege any violation of any civil right such that the Action would fall within the ambit of § 1443.

5

### B. Remand to State Court Was Proper

Exercising the jurisdiction it has retained, the Court nevertheless holds that vacatur of the Remand Order is not warranted because, at minimum,[6] the Notice of Removal was untimely.

28 U.S.C. § 1446 sets forth the procedure for removal of civil actions and requires that a "notice of removal of a civil action or proceeding . . . be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or "within [30] days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(1), (3).

Here, the record is clear that the Crapara Complaint—the initial pleading in this Action—was filed on November 7, 2024, and received by Paul Biedenkapp (the party for which Ms. Biedenkapp filed the Notice of Removal) by December 24, 2024, at the latest—when Paul Biedenkapp responded to the Crapara Complaint by filing the P. Biedenkapp Complaint. *See* Opp. at 6–7; Gillen Decl. ¶¶ 4–5 & Exs. 1–2 thereto. Ms. Biedenkapp concedes as much in Reply, stating that Paul Biedenkapp's "Answer and Motion to Dismiss were filed and paid for in the Bergen County Surrogate Court on December 24, 2024 . . . ." Reply at 2. The Notice of Removal

---

[6] The Court also notes that Ms. Biedenkapp may not represent her son in federal court, as she is doing here "appearing as Agent under Power of Attorney." *See* Notice of Removal. "It is well settled that an individual proceeding *pro se* may not represent third parties in federal court. And although power of attorney may confer certain decision-making rights under state law, it is [not] sufficient by itself to allow a non-lawyer to litigate on behalf of another in federal court." *Yoder v. Good Will Steam Fire Engine Co. No. 1*, 740 F. App'x 27, 28 (3d Cir. 2018) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 672 (3d Cir. 2010) (per curiam); then citing *Mariana v. Fisher*, 338 F.3d 189, 205 (3d Cir. 2003); and then citing *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008)). Moreover, the Court agrees with the Opposition that it is unlikely that this Court has subject matter jurisdiction over this Action given that there is no diversity jurisdiction and it does not appear that the issues of estate administration raised in the Crapara Complaint confer federal question jurisdiction. *See* Opp. at 6. In light of the untimeliness of the Notice of Removal outlined *infra*, however, the Court need not further address either of these two issues.

was therefore filed, at minimum, 114 days after the initial pleading in this Action, which is far beyond the 30 days allotted by § 1446(b)(1).

Moreover, Ms. Biedenkapp fails to identify any "other paper from which it may first be ascertained that the case is one which is or has become removable" such that the 30-day clock for removal would restart. *See* § 1446(b)(3). Even if the Crapara Motion to Dismiss the P. Biedenkapp Complaint and In Further Support of her Complaint could constitute an "other paper" triggering the 30-day removal period under § 1446(b)(3),[7] Paul Biedenkapp was served with that paper on February 11, 2025, 65 days prior to the filing of the Notice of Removal. *See* Ex. 3 to Gillen Decl. at 72.

The Court thus holds that the Notice of Removal was untimely and, accordingly, that remand to state court was proper.[8] *See, e.g.*, *Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 466–67 (D.N.J. 2013) (remanding case to state court where notice of removal was untimely). On that basis, the Court **DENIES** the Motion.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS**, on this **13th** day of November 2025,

**ORDERED** that the Motion, D.E. 5, is **DENIED**; and it is further

---

[7] For the avoidance of doubt, nothing in this paper in fact provides a basis for removal of the Action.

[8] The Motion's argument that the Remand Order violated due process because it was issued before the deadline for Ms. Biedenkapp to pay the filing fee, Mot. at 2, is besides the point. The Court did not remand the Action based on Ms. Biedenkapp's failure to pay the filing fee and did not consider non-payment of the filing fee in any respect when entering the Remand Order. *See* Remand Order.

7

**ORDERED** that the Clerk of Court shall mail to the clerk of the Superior Court of New Jersey, Bergen County, Chancery Division, Probate Part a certified copy of (1) the Remand Order, D.E. 4; and (2) this Order; and it is further

**ORDERED** that the Clerk of Court shall mail a copy of this Order to Alicia Biedenkapp.

_____
Evelyn Padin, U.S.D.J.